## DUTTON *v.* N. E. MUTUAL FIRE INS. CO.

A mechanic's lien upon property is lost by discharging the debt which created the lien, and taking the note of a third person in payment.

Where E. & D., partners, were indebted to H. & E. for labor and materials which might be a lien upon their buildings, and H. & E. discharged the debt against E. & D. and took the note of D. in satisfaction—*held*, that the lien, if any existed, was thereby lost.

If an applicant for insurance against fire states truly the title of the property, and the incumbrances on the same at the time of making the application, and there is no provision in the charter or by-laws requiring notice of subsequent incumbrances, a mortgage upon the property, executed after the making of the application and before the issuing of the policy, will not, in the absence of fraud, make void the policy.

Where A. made a written application, on the fifth of October, for an insurance against fire, and a policy was issued on the 11th of the same month; and on the same day, (the eleventh,) he executed a mortgage upon the property—*held*, in the absence of fraud, and of any provision in the charter or by-laws requiring notice of subsequent incumbrances, that the policy was not void.

ASSUMPSIT, upon a policy of insurance issued to Henry Dutton on the 11th day of October, 1847; and on the 26th day of August, 1848, assigned to the plaintiff, Marcia Dutton, and the assignment approved by the company.

The insurance was for $1000, on the steam saw mill belonging to said Henry Dutton, of Bangor, Maine, situated as set forth in Dutton's application for insurance, and including two upright saws, clapboard and shingle machine, and all the machinery and fixtures belonging to the mill.

On the third day of June, 1849, the mill, together with the clapboard and shingle machine, was consumed by fire.

In answer to the 16th question of Dutton's application, the question being as follows : " Is the property incumbered ?" the applicant gave " $300." This incumbrance was a mortgage to his mother, Marcia Dutton ; the mortgage bearing date September 1, 1846.

The machinery and iron work, in part, of the steam saw mill, insured as before stated, were furnished to one Eastman and the said Henry Dutton, as copartners, by Messrs. Hinckley & Egery, of Bangor, whose account with Eastman & Dutton commenced in October, 1846. From the first, it was the agreement of the parties, that Hinckley & Egery were to be secured the payment therefor, by a mortgage on the land and steam mill, machinery and iron work. But Hinckley & Egery having promises from time to time from Eastman & Dutton of a payment of part of the money due on the account, no mortgage was fully executed. These promises were not fulfilled, Hinckley & Egery in the mean time relying upon the " mechanic's lien " upon the goods furnished. This alleged lien was not disclosed in the application.

In September, 1847, Eastman sold his interest in the mill to Dutton, and on the 26th of September, 1847, Dutton gave to Hinckley & Egery his note for the balance of account rendered, as follows :

*Eastman & Dutton to Hinckley & Egery,*     Dr.

Sept. 26, 1847. To labor and materials on their
steam saw mill and machinery, in October, No-

vember, December, and January, February, March, April, May, June, July, August, and September, 1847, as per account rendered,..... $996,91

To amount of Samuel Eastman's note of February 17, 1845, and interest, (given up,)......... 153,79

$1150,70

Hinckley & Egery having thoughts of making Dutton a loan additional to the amount of the existing claim, a mortgage to secure the payment of the note, though agreed upon, was not fully executed by Dutton to Hinckley & Egery till the 11th day of October, 1847.

The application for insurance by Dutton was made October 5, 1847, and the policy was issued on the 11th day of October, 1847. On the same day that the policy was issued, a mortgage was duly executed by the said Dutton to Hinckley & Egery ; the said mortgage being upon the land and steam saw mill, the steam engine, boilers and machinery connected therewith in the mill, being the property upon which the policy in suit was issued, to the amount of $1128, and which was recorded October 14, 1847. The mortgage which was then signed, originally bore a prior date, which at that time was erased at the instance of Dutton, and the 11th of October substituted therefor, Dutton assigning as a reason that he had made application for insurance subsequent to the first date.

It did not appear whether the mortgage was executed before or after the policy was issued, the date of both instruments being the same.

Dutton never gave the company any notice of this mortgage thus executed on the 11th of October, 1847 ; and subsequently, in the summer of 1850, Hinckley & Egery took possession of the mortgaged property under the mortgage ; and of this fact the company never had any notice.

The application, with its covenants, and the policy, with

the charter and by-laws of the company, were made a part of the case, as regulating and defining the liability of the defendants on this policy.

The sixth section of the charter provides that " the buildings, with the land whereon they stand, and the property insured therein, shall be held by the company as security for any deposite note which they may hold of the member for whom they are insured, and the policy of insurance to any member of said company upon his buildings, or other property, shall of itself create a lien upon the same for the sum of any such deposit note, and the cost which may accrue in collecting the same; and such lien shall continue during the existence of said .policy, and the liability of the assured thereon, notwithstanding any transfer or alienation thereof."

The eighth section of the by-laws was as follows : " Applications for insurance must be made in writing, and specify all the facts and circumstances touching the character of the risk, within itself, or by the surrounding objects, whether it regards the subject of insurance, or the building containing the same; and also the applicant's interest therein. The applicant alone is responsible for the correctness of the application."

It was agreed between the parties that unless the foregoing facts should, in the opinion of the court, constitute a defence to the action, judgment should be rendered in favor of the plaintiff. And the questions arising upon the case were transferred to this court for determination.

*Bell*, for the plaintiff, took the following positions :

I. Hinckley & Egery had no lien upon machinery insured, by the laws of Maine. Rev. Stat. of Maine, 558.

II. The plaintiff is entitled to recover notwithstanding the mortgage executed by Henry Dutton to Hinckley & Egery, October 11, 1847. This is no violation of any warranty in the policy or application. The warranty in relation

to incumbrances refers to the condition of things at the time of the application, October 5, 1847. 3 Kent's Com. 374.

A mortgage is not an alienation. *Stetson* v. *Mass. Ins. Co.*, 4 Mass. Rep. 330; *Conover* v. *Mu. Fire Ins. Co. of Albany*, 3 Den. 254; *Jackson* v. *Mass. Ins. Co.*, 23 Pick. 418; *Lane* v. *Mutual Fire Ins. Co.*, 3 Fairf. 418.

If the representation in relation to mortgages could be supposed to refer to the date of the policy, October 11th, the burden of proof would be upon the defendants to show, as matter of defence, that the mortgage was executed before the policy; and this is not shown. 1 Phil. Ev. 195, and cases cited.

There was no suppression or want of good faith on the part of the plaintiff which should avoid the policy. An intention or agreement to make a mortgage need not be disclosed. *Wheeling Ins. Co.* v. *Morrison*, 11 Leigh, 354; *Trumbull* v. *Mutual Fire Ins. Co.*, 12 Ohio Rep. 203.

In cases of fire insurance the insured is, in general, only required to disclose the matters inquired about, and not the particulars of his title, in relation to which he is not interrogated. Arnold on Insurance, 572; *Strong* v. *Manf. Ins. Co.* 10 Pick. 40; *Curry* v. *Commonwealth Ins. Co.*, 10 Pick. 535; *Bixby* v. *Franklin Ins. Co.*, 8 Pick. 86; *Fletcher* v. *Commonwealth Ins. Co.*, 21 Pick. 162; *Locke* v. *North American Ins. Co.*, 13 Mass. Rep. 61; *Bartlett* v. *Walter*, 13 Mass. Rep. 267.

And in cases of marine insurance, where it is held that the insured must communicate facts after the application and before the execution of the policy, it is held that the defendants must show that the insured might, by reasonable diligence, have communicated such facts, and that they were material as to the risk or rate of insurance; and these are not matters of law, but of fact to be found by the jury. They are not agreed to in this case as facts. *Grant* v. *Howard Ins. Co.*, 5 Neill, 10; *McLanahan* v. *Universal Ins. Co.*,

1 Pet. 179, 187; *Jefferson* v. *Cotheal,* 7 Wend. 72, and cases cited.

We wish to make one more suggestion in regard to the mechanic's lien, and that is, that there is no lien upon property of this kind.

*Hadley,* with whom was *Whipple,* for the defendants.

I. The policy was void because of misrepresentations, and non-representations of Henry Dutton in his application.

He represented the property to be his subject only to a mortgage to Marcia Dutton.

He did not state, though asked, that his interest was incumbered by a mechanic's lien to Hinckley & Egery.

He did not disclose, though inquired of, the existence of a mortgage to Hinckley & Egery; nor any circumstances pertaining thereto.

A mechanic's lien existed. Rev. Stat. of Maine, ch. 125, §§ 37, 38. The lien had not been removed; and a mechanic's lien is an incumbrance.

The final execution of the mortgage to Hinckley & Egery was contemporaneous with the issuing of the policy. It was a change of circumstances happening before the contract of insurance was complete, which the company was entitled to know.

The answer of the applicant was a warranty, and if it failed at the moment of the insurance the contract failed. 3 Kent's Com. 288; *Duncan* v. *Sun Ins. Co.,* 6 Wend. 488; *Burritt* v. *Saratoga Co. Mutual Fire Ins. Co.,* 5 Hill, 188; *Fowler* v. *Etna Ins. Co.,* 6 Cow. 673; *Jefferson Ins. Co.* v. *Cotheal,* 7 Wend. 72; *Wood* v. *Hartford Ins. Co.,* 13 Conn. Rep. 533; *Carter* v. *Boehm,* 3 Burr. 1905, 1909.

If inquiry is made, the representation of title must be true. 1 Phil. on Ins. 285; *Locke* v. *N. American Ins. Co.,* 13 Mass. Rep. 61. Or, in other words, the applicant is bound to state all matters materially affecting the nature, extent and duration of the title, and the incumbrances on it.

This principle is clearly stated and sustained in *Addison* v. *Kentucky and Lou. Ins. Co.*, 7 B. Mun. 470; *Columbian Ins. Co.* v. *Lawrence*, 2 Pet. 48; *Illinois M. F. Ins. Co.* v. *Marseills Manf. Co.*, 1 Gil. 236; *Catron* v. *Tennessee Ins. Co.*, 6 Hump. 176. And the 8th section of the by-laws requires it.

The same doctrine is fully recognized in the following cases. *Ætna Ins. Co.* v. *Tyler*, 16 Wend. 385; *Strong* v. *Manf. Ins. Co.*, 10 Pick. 40; *Niblo* v. *N. American Ins. Co.* 1 Sandford's Sup. Ct. Rep. 551; *Burritt* v. *Saratoga Co. Ins. Co.*, 5 Hill, 188; *Kittredge* v. *Roch. Mu. Fire Ins. Co.*, 2 Law Reporter (N. S.) 418.

II. The policy was void on account of fraud on the part of the applicant. The court will see fraud in examining the case, and will so find it.

III. The sixth section of the charter provides that the company shall have a lien on the real estate of the insured, and the incumbrances diminished the security of the company for assessments.

EASTMAN, J. The defendants issued the policy in suit to Henry Dutton, on the 11th day of October, 1847, upon an application made and signed by him on the 5th of October, six days previous to the date of the policy. On the 26th day of August, 1848, the policy was duly assigned to the plaintiff, and the assignment approved by the company; and on the third day of June, 1849, the property insured was consumed by fire.

No controversy exists in regard to the plaintiff's right to bring the suit as the assignee of Henry Dutton, the insured, nor in regard to the destruction of the property; but the defence rests mainly upon two grounds: first, that there was a misrepresentation in the application for insurance—the application representing the property to be incumbered only to the amount of $300, whereas the defendants allege that it was in truth subject to a lien for labor and materials fur-

nished under the statute of Maine, and also that at the time
of the issuing of the policy there was a further mortgage
upon the property, which was executed on the 11th day of
October, 1847, the day of the date of the policy—and,
second, that the case shows fraud, and that the policy is
void on that ground.

With regard to the incumbrances upon the property, one
question only was put in the application, which was this:
" Is the property incumbered ?" and the answer was " $300."
Was this answer a compliance with the charter and by-laws
which formed a part of the contract of insurance between
the parties, and was a true representation given as re-
quired by general principles, and by their contract? The
defendants contend that the answer was in fact a misrepre-
sentation, and did not disclose all the incumbrances ; and if
this be so, the action cannot be sustained.

It is said that there was a mechanic's lien upon the prop-
erty. Was this so ? The statute of Maine upon this sub-
ject is as follows :

" Section 37. Any person who shall perform labor or fur-
nish materials for erecting, altering or repairing any house
or other building or appurtenances, or furnish labor or ma-
terials for the above purposes, by virtue of any contract with
the owner thereof, or other person who had contracted with
such owner, shall have a lien to secure the payment of the
same, upon such house or building, and the lot of land on
which the same stands, and upon the right of redeeming
the same when under mortgage ; and such lien shall con-
tinue in force for the space of ninety days from the time
when such payment becomes due.

" Section 38. Such person may secure the benefit of such
lien by an attachment of such house or building, land or
right of redemption, within the said ninety days; and such
attachment shall have precedence of all other attachments,
not made under any such lien." Rev. Stat. of Maine, ch.
125, §§ 37, 38.

Whether the claim of Hinckley & Egery was of the character to be protected by this statute before it was settled by Dutton, in September, 1847, we do not propose to consider. The particulars of it are not given, nor the time when due, and we cannot see how much of it, if any, would fall within the purview of the statute. A portion of it appears to have been for machinery, and that is not in terms specified in the act; although, perhaps, it might be regarded as coming within its spirit.

Nor is it necessary to determine whether the lien created by this statute is an incumbrance contemplated by the application and the by-laws and charter of the company. No judicial construction has ever been put upon our statute in regard to the subject, that we are aware of. Our act is not so broad in its provisions as that of Maine, and it is not generally in force throughout the State, being confined in its application to those cities and towns which may adopt it. But, as observed, it is unnecessary to put any construction upon the act relied on by the defendants; for we think that the lien, whatever may have been its character, was terminated by the giving and receiving of the note of Dutton for the demand.

The account was against Eastman & Dutton, and whatever was furnished was delivered to them. But on the 26th of September, 1847, prior to the application for the insurance and the issuing of the policy, Hinckley & Egery took the note of Dutton alone, for the balance of the account. This note, as we understand the case, was taken in satisfaction of the account against Eastman & Dutton, and the claim against them was thereby relinquished. Whatever lien, therefore, there may have been created by virtue of the contract to furnish the labor and materials, was lost by the new contract; and Hinckley & Egery probably so understood it, for the mortgage to them of the whole property was about that time made out to secure the note. No attempt was ever made to enforce the lien, and the mortgage was ex-

ecuted on the 11th of October, fifteen days after the note was given.

But it is said that this mortgage of October 11, 1847, was an incumbrance, and makes void the policy. It is true it was an incumbrance from the time of its execution; but whether it was executed before or after the issuing of the policy, (both bearing the same date,) does not appear; nor is it necessary to know, as it was not an incumbrance when the application was made; and it was not the duty of the insured to notify the company of its execution. The charter and by-laws do not require any notice of subsequent incumbrances.

If the assured stated his title to the property truly when he made his application, that was all that was required under this charter. And this he did; the only incumbrance on the property at that time was the $300 mortgage. The mechanic's lien had become extinct on the 26th of September, and the mortgage to Hinckley & Egery, although in contemplation, was not executed, and did not become an incumbrance on the property till October 11th. It was no fault of the applicant that the policy was not issued immediately after the application was made.

In our opinion, then, the policy cannot be avoided on the ground of misrepresentation or concealment of any incumbrances existing upon the property.

Neither do we think that the defendants stand any better upon their second position; that of fraud. There may be facts disclosed in the case which would be competent evidence to be submitted to a jury on such a question; but the court cannot infer fraud from what is set forth. All that is stated may have been done by Dutton, in honesty and good faith. Dilatoriness, although oftentimes as injurious to a creditor as fraud itself, is, nevertheless, not in itself fraud, nor can we, as a court, so find it.

According to the provisions of the case there must be,

*Judgment for the plaintiff.*